IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

NICHOLAS PENA-GONZALEZ,
Reg. #22198-038                                                                                           PLAINTIFF

v.                                       2:19-cv-00004-BSM-JJV

UNITED STATES OF AMERICA; *et al.*                                                          DEFENDANTS

# PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.   Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite A149
> Little Rock, AR 72201-3325

## **DISPOSITION**

**I.   INTRODUCTION**

Nicholas Pena-Gonzalez ("Plaintiff") is a prisoner in the Federal Correctional Institution located in Forrest City, Arkansas ("FCI-FC").   He has filed a *pro se* Complaint alleging that, on September 12, 2017, Defendants Officer Jeffrey Ashburn and Officer Michael Hallmark violated his Eighth Amendment rights, as protected *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), by using excessive force against him and denying him adequate medical care for unspecified injuries.   (Doc. No. 1.)   Plaintiff also seeks to hold Defendant United States of America vicariously liable, under the Federal Tort Claims Act (28 U.S.C. §§ 1346, 2671-2680), for the alleged assault and battery committed by Defendants Ashburn and Hallmark. (*Id*.)

Defendants have filed a Motion for Summary Judgment arguing they are entitled to dismissal of all claims.   (Doc. Nos. 25, 26, 27.)   Plaintiff has not filed a Response, and the time to do so has expired.   Thus, the facts in Defendants' Statement of Facts are deemed admitted by Plaintiff.   *See* E.D. Ark. Local R. 56.1(c); *Jackson v. Ark. Dept. of Educ., Vocational & Tech. Educ. Div.*, 272 F.3d 1020, 1027 (8th Cir. 2001) (holding that, under Local Rule 56.1(c), the plaintiff "forfeited her ability to contest the facts presented" by defendant by failing to respond to

the defendant's motion for summary judgment).  Based on the admitted facts, I recommend Defendants' Motion for Summary Judgment be GRANTED and Plaintiff's *Bivens* and FTCA claims be DISMISSED.  *See Harris v. Interstate Brands Corp.*, 348 F.3d 761, 762 (8th Cir. 2003) (affirming granted summary judgment based on facts deemed admitted pursuant to the court's local rule).

## II.      SUMMARY JUDGMENT STANDARD

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex v. Catrett*, 477 U.S. 317, 321 (1986).  When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.* (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case.  *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012).  Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment.  *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.   ANALYSIS

### A.   Inadequate Medical Care Claim

Defendants argue Plaintiff's Eighth Amendment inadequate medical care claim, under *Bivens,* should be dismissed because he failed to exhaust his administrative remedies. The Eighth Circuit has clarified that a trial court cannot address the merits of any unexhausted claims, which must be dismissed without prejudice. *Davis v. Harmon,* No. 10-1863, 2010 WL 3259378 (8th Cir. Aug. 19, 2010) (unpublished opinion); *Barbee v. CMS*, No. 10-1891, 2010 WL 3292789 (8th Cir. Aug. 23, 2010) (unpublished opinion).  Thus, I will consider this argument first.

The Prison Litigation Reform Act ("PLRA") provides that: "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S. 81, 85 (2006) ("exhaustion of available administrative remedies is required for any suit challenging prison conditions, not just for suits under § 1983").  The purposes of the exhaustion requirement include "allowing a prison to address complaints about the program it administers before being subjected to suit, reducing litigation to the extent complaints are satisfactorily resolved, and improving litigation that does occur by leading to the preparation of a useful record." *Jones v. Bock*, 549 U.S. 199, 219 (2007).

The PLRA requires inmates to properly exhaust their administrative remedies as to each claim in the complaint before filing an action in federal court.  *Jones,* 549 U.S. at 219; *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003).  Importantly, the Supreme Court has emphasized that "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  *Jones,* 549 U.S. at 218; *see also Woodford*, 548 U.S. at 90 (administrative

4

exhaustion "means using all steps that the agency holds out and doing so properly so that the agency addresses the issues on the merits").  Thus, to satisfy the PLRA, a prisoner must fully and properly comply with the specific procedural requirements of the incarcerating facility.  *Id.*

The Bureau of Prisons ("BOP") has a four-step Administrative Remedy Program which is codified at 28 C.F.R. §§ 542.10 to 542.18.  (Doc. No. 26-5.)  First, the prisoner must seek informal resolution by raising the issue with the prison's staff.  (*Id.* at § 542.13).  If dissatisfied, the inmate must submit a written Request for Administrative Remedy to the Warden within twenty (20) calendar days of the grieved incident.  *Id.* at § 542.14.  The prisoner must then appeal the Warden's response to the Regional Director within twenty (20) calendar days.  *Id.* at § 542.15. If still dissatisfied, the inmate must appeal to the BOP General Counsel within thirty (30) calendar days of the Regional Director's response.  *Id.*  The General Counsel's decision is the fourth and final step in the administrative remedy process. *Id*.

The FCI-FC Associate Warden's secretary states, in her sworn Declaration, that Plaintiff has fully exhausted his administrative remedies about his excessive force and battery claims but has *not* filed any grievances regarding his inadequate medical care claim.  (Doc. No. 26-5.)  My review of the Declaration and supporting grievances confirms this to be correct.  And, Plaintiff has not presented any contrary evidence or alleged he was prevented him from properly exhausting his administrative remedies.  *See* 42 U.S.C. § 1997e(a) (requiring prisoners to exhaust "available" administrative remedies); *Ross v. Blake*, 136 S. Ct. 1850, 1859 (2016) (defining "available" administrative remedies as "grievance procedures that are capable of use to obtain some relief for the action complained of").  Accordingly, I recommend Plaintiff's inadequate medical care claim be dismissed without prejudice due to a lack of exhaustion.  *See Kozohorsky v. Harmon,* 332 F.3d 1141, 1143 (8th Cir. 2003) (*"*When multiple prison condition claims have been joined . . . the plain

language of § 1997e(a) requires that all available prison grievance remedies must be exhausted as to *all* of the claims") (emphasis in the original); *Jones,* 549 U.S. at 211 ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court").

### B.    Excessive Force Claim

Defendants argue they are entitled to qualified immunity on the Eighth Amendment excessive force claim Plaintiff has raised under *Bivens*. Qualified immunity protects government officials who acted in an objectively reasonable manner and shields them from liability when their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982). Qualified immunity is a question of law, not fact.  *McClendon v. Story Cty. Sheriff's Office*, 403 F.3d 510, 515 (8th Cir. 2005).  Thus, issues concerning qualified immunity are appropriately resolved on summary judgment.  *See Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (the privilege is "an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial").

Defendants are entitled to qualified immunity if: (1) the facts, viewed in the light most favorable to Plaintiff, do not establish a violation of his constitutional right to be free from excessive force; or (2) the constitutional right was not clearly established at the time of the alleged violation, such that reasonable officials would not have known their actions were unlawful.  *See Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Cullor v. Baldwin*, 830 F.3d 830, 836 (8th Cir. 2016).  Courts may "exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand."  *Pearson*, 555 U.S. at 232; *Nelson v. Corr. Med. Servs*., 583 F.3d 522, 528 (8th Cir.

2009). I find Defendants are entitled to qualified immunity based on the first prong of the analysis.

Because Plaintiff was a convicted prisoner, his excessive force claim against Officers Hallmark and Ashburn is governed by the Eighth Amendment. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986); *Jackson v. Gutzmer*, 866 F.3d 969, 974 (8th Cir. 2017). To avoid qualified immunity on that claim, Plaintiff must have evidence Defendants used force "maliciously and sadistically to cause harm," rather than in "a good-faith effort to maintain or restore discipline." *See Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Jackso*n, 866 F.3d at 974. The relevant factors that must be considered when making this determination are: (1) the objective need for force; (2) the relationship between the need and the amount of force used; (3) the threat reasonably perceived by Officers Hallmark and Ashburn; (4) any efforts by them to temper the severity of their response; and (5) the extent of Plaintiff's injuries. *See Jackson*, 866 F.3d at 974; *Ward v. Smith*, 844 F.3d 717, 721-22 (8th Cir. 2016).

In their sworn Declarations, Officers Ashburn and Hallmark explain that, on September 12, 2017, they were making rounds in the Wynne-Charlie Unit of the FCI-FC when Officer Hallmark noticed Plaintiff cutting something on a desk. (Doc. Nos. 26-1, 26-2.) When Officer Hallmark approached, Plaintiff shoved the items he was cutting and a plastic baggie into his mouth. (*Id*.) Officer Hallmark asked Plaintiff what he was doing and told Officer Ashburn that he saw Plaintiff put the items in his mouth. (*Id*.) Officer Hallmark says he "placed [his] hand toward [Plaintiff's] mouth" and ordered him to spit out the contents.[1] (*Id*.) Importantly, both Officers say they did *not* touch Plaintiff, who spit out the baggie. (*Id*.) The Officers then handcuffed

---

[1] In the Complaint, Plaintiff admits he had unspecified "contraband" in his mouth. (Doc. No. 1 at 1.) As a result of this incident, Plaintiff has been charged with possessing buprenorphine (which is an opioid) in prison. *See United States v. Pena-Gonzalez*, 4:17-cr-00348 BSM.

7

Plaintiff and escorted him to the lieutenant's office without incident or any injuries to Plaintiff. (*Id.*) Finally, Drs. Ballom and Grossl, who are non-parties, say in their sworn Declarations that Plaintiff did not suffer any physical or psychological injuries as a result of contact with Defendants on September 12, 2017. (Doc. Nos. 26-3, 26-4.)

Based on these undisputed facts, I conclude Defendants used no force in getting Plaintiff to spit out the contraband, and they used a *de minimus* and reasonable amount of force, that resulted in no injuries, when they handcuffed him and escorted him to the lieutenant's office. *See Williams v. Jackson,* 600 F.3d 1007, 1012 (8th Cir. 2010) (a *de minimis* application of force does not result in a constitutional violation). To the contrary, the admitted facts demonstrate Defendants acted with a good-faith effort to prevent Plaintiff from swallowing contraband and restore order and discipline at the FCI-FC. *See Beavers v. Bretherick*, No. 05-4244, 2007 WL 1109940 (8th Cir. Apr. 16, 2007) (unpublished opinion) (holding the defendants were entitled to summary judgment on an excessive force claim when the facts were deemed admitted under E.D. Ark. Local R. 56.1(c)). Because there is no evidence of an Eighth Amendment violation, I conclude Defendants are entitled to qualified immunity and recommend Plaintiff's excessive force claim be dismissed with prejudice.

### C. Assault and Battery Claim

Finally, Defendants argue they are entitled to judgment as a matter of law on the assault and battery claim Plaintiff has raised against them under the FTCA. I agree. When analyzing an FTCA claim, a court must apply the law of the state where the tort occurred, which here, is Arkansas. *See Moss v. United States*, 895 F.3d 1091, 1097-98 (8th Cir. 2018); *Day v. United States*, 865 F.3d 1082, 1086 (8th Cir. 2017). Under Arkansas law, the tort of battery is defined as "a wrongful or offensive physical contact with another through the intentional contact by the

8

tortfeasor and without consent of the victim." *Costner v. Adams*, 121 S.W.3d 164, 156 (Ark. App. 2003). And, the tort of assault is defined as an "intentional attempt by a person, by force or violence, to do an injury to the person of another, or as any attempt to commit a battery, or any threatening gesture showing in itself or by words accompanying it an immediate intention, coupled with a present ability, to commit a battery." *Id.* As previously discussed, there is no evidence Defendants acted with any intent to harm Plaintiff when they ordered him to spit out the contraband, without touching him, and later handcuffed and escorted him to the lieutenant's office without incident or injury. And, their limited physical contact with Plaintiff, on September 12, 2017, was neither wrongful nor offensive. Accordingly, I conclude Defendants' are entitled to summary judgment on Plaintiff's assault and battery claim under the FTCA, and I recommend it be dismissed with prejudice.

### IV. CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Defendants' Motion for Summary Judgment (Doc. No. 25) be GRANTED, Plaintiff's inadequate medical care claim be DISMISSED without prejudice, his excessive force claim be DISMISSED with prejudice, his battery and assault claim be DISMISSED with prejudice, and this case be CLOSED.

2. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 17th day of March 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE